Dear Mr. Perriloux:
You have requested an opinion from this office regarding the St. John the Baptist Parish School Board's authority to contract with a private company to collect local sales and use taxes. Specifically, you question whether the School Board can contract with a private company to collect local sales and use taxes imposed by the Parish without the consent or approval of the St. John the Baptist Parish Council.
You provided the following information in your request letter. The Parish Council and the School Board entered into a contract in 1993 for the joint collection, enforcement and administration of sales, use, and rental taxes imposed by the Parish. The Parish Council authorized the School Board to act as its agent in all matters pertaining to the collection of these taxes. The School Board collected these taxes from August 1993 until July 2004, when it contracted with a private company, Assured Compliance, Inc. ("Assured"), for collection of the taxes. The School Board entered the contract with Assured without the approval or consent of the Parish Council, and you are asking whether the School Board had authority to enter into the contract with Assured without the Parish Council's approval or consent.
La. R.S. 47:337.13(B)[1] authorizes political subdivisions to enter into joint sales and use tax collection agreements. Our research did not reveal, not are we aware of, any provision of law which would prohibit a political subdivision from contracting with another entity, whether public or private, to perform collection services with respect to *Page 2 
taxes the subdivision is authorized to collect.[2] It is the opinion of this office that the School Board may contract with another entity, either public or private, to assist in the performance of its responsibilities with respect to the collection of taxes.
The question as to whether the School Board could enter into the contract with Assured without the Parish Council's consent or approval is a contractual one. While the issue does not appear to be expressly addressed in the contract, the contract grants the School Board very broad authority to act as an agent of the Parish. The Contract provides:
 The School Board shall act as agent of the Parish in all matters pertaining to the collection of sales and use taxes now imposed by PARISH, subject to the following:
 1) PARISH grants to SCHOOL BOARD, full power and authority to act in its name, place, and stead in the collection of all sales and use taxes, expressly authorizing SCHOOL BOARD to institute litigation, employ counsel, compromise claims for taxes, grant receipts and acquittances, and execute all documents necessary to accomplish the foregoing purposes as fully as though the Parish were acting.
 2) Without in any way limiting the foregoing, the SCHOOL BOARD is expressly authorized to provide taxpayers with forms, review taxpayer returns, contact taxpayers to collect taxes on behalf of PARISH, audit books of taxpayers, assemble and collect taxes on behalf of PARISH concerning the amount of taxes owed, and employ attorneys to represent PARISH in matters involving the collection of sales and use taxes.
Given this broad language, it is likely that the School Board is authorized to enter into the contract without the Parish Council's consent.
We trust this adequately addresses your question. If you have any further questions, please contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 _____________________
 DENISE B. FITZGERALD
 ASSISTANT ATTORNEY GENERAL
[1] La. R.S. 47:337.13(B). "In each parish, every taxing authority that levies a sales and use tax in that parish may contract and make such agreement between and among themselves with respect to the joint collection, enforcement, and administration of the sales and use taxes as may be deemed proper by their respective governing authorities."
[2] See Attorney General Opinion 97-26.